IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-00435-BR

DAREL MYERS AND JANET MYERS, )
both individually and for and on behalf of )
the HOUSE OF LIGHTS, INC. )
PENSION PLAN AND TRUST AND )
THE HOUSE OF LIGHTS, INC. )
PROFIT SHARING PLAN, )
 )
      Plaintiffs, )
 )
v. ) **ORDER**
 )
THOMAS E. BEVERLY and LYNN )
BEVERLY, )
 )
      Defendants. )

On 21 January 2021, the court entered the following order.

    This matter is before the court on review of the docket. More than two years ago, the parties entered into a Mediated Settlement Agreement ("MSA"), which the court approved. (DE ## 61, 75; 11/20/18 Text Order.) Pursuant to the MSA, funds from the sale of certain real property have been deposited in the Court Registry Investment System ("CRIS"), (see 8/21/20 Order, DE # 87), and the independent fiduciary has recently completed the calculations of damages, (Report, DE # 90). Accordingly, within 30 days, the parties are DIRECTED to file the appropriate document(s) to close this case and facilitate the distribution of the funds held in the CRIS.

(DE # 91.)

About one week later, plaintiffs filed a motion for disbursement of settlement funds and closing of case. (DE # 92.) Based on the MSA and the independent fiduciary's report, plaintiffs request that the funds being held in the CRIS be distributed as follows: (1) $467,766.00 plus interest to plaintiffs Darel and Janet Myers; (2) $14,515.00 to the independent fiduciary, Harold Asher; and (3) the remainder to defendants. (Mem., DE # 93, at 5-6.) Defendant Lynn Beverly

("Mrs. Beverly") requests that no funds be disbursed until Asher makes changes to his report and filings with the court and that the court confirm she is not responsible for Asher's fees. (Resp., DE # 94, at 2-3.) Similarly, defendant Thomas Beverly ("Mr. Beverly") requests that no funds be disbursed until Asher makes changes to his report. (Resp., DE # 95, at 1.) In reply, plaintiffs argue that none of Mrs. Beverly's requests impact how much should be distributed to plaintiffs. (See Reply, DE # 97, at 1 & n.1.) Also, they contend Mr. Beverly's requests for changes to the independent fiduciary's report are not supported by any evidence or law, and therefore, their motion should be granted. (Reply, DE # 96, at 3.)

To resolve the instant motion, the court turns to the language of the MSA. In that document, the parties agreed that the Myers' damages would be resolved by an independent fiduciary. (MSA, DE # 61, ¶ 3.) The agreement sets forth what damages would be calculated and what the calculations would include, and it requires the independent fiduciary to provide a written explanation of his calculations. (See id. ¶ 3(a)-(c).) Notably, it does not contain any provision for a party to challenge the independent fiduciary's calculations of damages. As for the independent fiduciary's fees and costs, Mr. Beverly is the only party obligated to pay. (Id. ¶ 3(g).)

Because no ground justifies delaying disbursement of the Myers' damages in the amounts set forth in Asher's report and because Mr. Beverly apparently consents to the payment of Asher's fees from his share of the remaining funds, plaintiffs' motion is ALLOWED.

The Clerk is DIRECTED to close this case and pay the following from the funds held in the CRIS for this matter:

1. To Darel Myers c/o Jackson Lewis PC, 3737 Glenwood Avenue, Suite 450, Raleigh, NC 27612, the amount of $443,053.00 plus interest in the amount of $1.58 per day from 22 December 2020 until the date the court's financial unit certifies payment;

2. To Janet Myers c/o Jackson Lewis PC, 3737 Glenwood Avenue, Suite 450, Raleigh, NC 27612, the amount of $24,713.00 plus interest in the amount of $0.09 per day from 22 December 2020 until the date the court's financial unit certifies payment;

3. To Lynn Beverly c/o Stevens Martin Vaughn & Tadych, PLLC, 6300 Creedmoor Road, Suite 170-370, Raleigh, NC 27612, one half of the remaining balance;

4. To Thomas Beverly c/o Everett, Gaskins & Hancock, LLP, P.O. Box 911, Raleigh, NC 27602-0911, one half of the remaining balance less the amount set forth in Paragraph 5; and

5. To AsherMeyers, LLC c/o Harold Asher, 432 Metairie Road, Suite 215, Metairie, LA 70005, the amount of $14,515.00.

This 10 March 2021.

                                                W. Earl Britt
                                                Senior U.S. District Judge